Nott, J.,
delivered the opinion of the court:
The Supreme Court decided in Carroll’s Case (7 C. Cls. R., p. 255) chat a suit may be maintained under the Abandoned or captured property Act by one who was not the owner in his own right, but who, at the time of seizure, was possessed of the property under a title upon which he could maintain an action of trover or trespass, and who, at the time of bringing suit, was entitled to receive the proceeds as the trustee or representative of parties not before the court. We perceive no difference in principle between the case of an administrator and of a factor in possession with a lien upon the property for advances made. The factor is entitled to hold the property; he may sellit to repay his advances, or maintain an action of trover or replevin, to the exclusion of any action by his principal]'; andmn recovering its value he becomes a trustee of the original owner to the extent of his residuary interest. It may be doubted whether the original owner not in possession, not entitled to possession, and not primarily entitled to the proceeds, could maintain a suit here under the statute; and it is tolerably certain that he and the factor could not have brought several and conflicting suits for their respective interests, and compelled this court to settle disputed accounts between them. Therefore it seems tolerably clear that this suitis properly brought by thefactor, who, on recovering, will be liable to his principal for the surplus, after repaying his own advances, as if this suit were an action of trover brought in a court of the common law.
The judgment of the court is, that the claimant recover the proceeds in the Treasury of four hundred and twenty-three bales of upland cotton captured at Savannah, being $175.33 a bale, and of seventy bales of sea-island cotton, being $231.79 a bale, amounting in the aggregate to $90,389.89.